# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ANTHONY LYNCH,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>JEFF LYNCH et al.,<br><br>　　　　　　　　　Defendants. | Case No. 22-cv-455-MMA (BLM)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

　　　Petitioner Paul Anthony Lynch ("Petitioner"), a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, *see* Doc. No. 1 (the "Petition"), and paid the $5.00 filing fee, *see* Doc. No. 2.

　　　A review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of her as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

　　　The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254

advisory committee's note). If "a petitioner is in custody due to the state action [she] is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long-standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named "Jeff Lynch," as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this action without prejudice and with leave to amend. To have this case reopened, Petitioner must file a First Amended Petition that names a proper Respondent on or before **July 5, 2022**. For Petitioner's convenience, the Court **DIRECTS** the Clerk of Court to attach to this Order a blank First Amended Petition pursuant to 28 U.S.C. § 2254 form.

**IT IS SO ORDERED**.

Dated: April 25, 2022

HON. MICHAEL M. ANELLO
United States District Judge