# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIARA SKY STARR,<br><br>                          Petitioner,<br><br>v.<br><br>JEFF MACOMBER, Secretary, et al.,<br><br>                         Respondents. | Case No. 3:22-cv-0455-MMA (BLM)<br><br>**ORDER DENYING MOTION TO AMEND JUDGMENT**<br><br>[Doc. No. 46] |

## I. INTRODUCTION

Petitioner Ciara Sky Starr ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") in this case on March 29, 2022 challenging her convictions in San Diego Superior Court case nos. SCD273115 and SCD 265745. *See* Doc. No. 1. She filed an Amended Petition on January 29, 2023. *See* Doc. No. 20. Respondent filed a Motion to Dismiss the Amended Petition as untimely on May 23, 2024, which Petitioner opposed. *See* Doc. Nos. 40–43. On July 31, 2024, the Court granted the Motion to Dismiss, concluding the Petition was untimely, and denied a Certificate of Appealability. *See* Doc. No. 44. Petitioner has now filed a Motion to Amend Judgment pursuant to Rule 59(e).[1]

---

[1] Unless otherwise noted, all "Rule" references are to the Federal Rules of Civil Procedure.

## II. Discussion

"Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (*School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993)). "The Rule gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (quoting *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982)).

Petitioner's motion focuses on the Court's analysis of the date the statute of limitations began running under 28 U.S.C. § 2244(d)(1)(D) on her claim that counsel was ineffective for failing to file a notice of appeal and a request for a certificate of probable cause; she asserts the Court erred in its calculation. *See* Doc. No. 44 at 10; Doc. No. 46 at 3–4. As the Court noted in its Order Granting the Motion to Dismiss, a one-year statute of limitation applies to petitions for writ of habeas corpus filed by a state prisoner who is challenging his state court conviction in in federal court. 28 U.S.C. § 2244(d)(1). The limitation period begins to run "from the latest of" the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Court analyzed the timeliness of Petitioner's ineffective assistance of counsel claim in Ground One of the Petition under subsection (D) because while Petitioner alleged her attorney failed to file a notice of appeal and a request for a certificate of probable cause, she did not give a specific date when she learned of this failure. Doc. No. 20 at 7. In her Rule 59(e) motion, Petitioner argues the date the Court should have used to calculate the statute of limitations under subsection (D) is August 20, 2019, because that is the date she learned of counsel's failure to file a notice of appeal and request for certificate of probable cause. Doc. No. 46 at 33–4. In its Order Granting the Motion to Dismiss, however, the Court concluded that the latest date the statute of limitations could have commenced as to Ground One was November 14, 2019, because in the habeas corpus petition she filed in the California Supreme Court on that date, Petitioner explicitly stated she knew her attorney had failed to file a notice of appeal and request for a certificate of probable cause. *See* Doc. No. 41-21 at 9–10; Doc. No. 44 at 10–11. Using the November 14, 2019 date as the date the statute of limitations began running, the Court concluded the Petition in this case was untimely. *See* Doc. No. 44 at 10–11.

Although Petitioner's claim that she learned of counsel's errors on August 20, 2019, instead of the November 19, 2019 date could be construed as "newly discovered evidence," it would not change the outcome of Petitioner's case. The Court used the November 19, 2019, date to calculate the statute of limitations in a desire to give Petitioner the benefit of any doubt as to when she learned of counsel's failure to file a notice of appeal and request for certificate of probable cause. If the Court were to accept Petitioner's assertion that she learned of counsel's errors on August 20, 2019, and not November 19, 2019, the Petition in this case would still be untimely. Accordingly, the Court is unable to grant Petitioner relief pursuant to Rule 59(e).

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner's Motion to Amend Judgment [Doc. No. 46]. Rule 11 of the Rules Following 28 U.S.C. § 2254 requires the District Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254 (West Supp. 2020). A COA will issue when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253; *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005). A "substantial showing" requires a demonstration that "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir. 2002), quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the Court concludes Petitioner has not made the required showing, and therefore a certificate of appealability is hereby **DENIED**.

IT IS SO ORDERED.

Dated: September 11, 2024

_____
HON. MICHAEL M. ANELLO
United States District Judge